**IN THE UNITED STATES BANKRUPTCY COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In the Matter of:** | Case No. 19-19918 |
| Katarina Pruitt | |
| | Chapter 13 |
| **Debtor(s)** | Judge David D. Cleary |

# NOTICE OF FILING

TO:

Marilyn O. Marshall, Chapter 13 Trustee, 224 South Michigan, Ste 800, Chicago, IL 60604, via electronic court notification;

Katarina Pruitt, 6322 N. Albany Ave., Apt. 3W, Chicago, IL 60659; via U.S. mail;

SEE ATTACHED ADDRESSES

    PLEASE TAKE NOTICE that on January 18, 2022, the attached Debtor's Response to Trustee's Motion to Modify was filed with the Clerk of the U.S. Bankruptcy court, a true and correct copy of which is attached.

## PROOF OF SERVICE

    I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above by depositing the same in the U.S. Postal Service's mail box at 8707 Skokie Blvd Suite 312, Skokie, IL 60077 on January 18, 2022, except that the Trustee and any other party indicated in the Notice of Filing were served electronically by the court on such date.


/s/ David Freydin
David Freydin, Esq
Law Offices of David Freydin
8707 Skokie Blvd, Suite 312
Skokie, IL 60077
Phone: 847.972.6157

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 19-19918<br>Northern District of Illinois<br>Eastern Division<br>Tue Jan 18 13:55:12 CST 2022 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 |
| Bank Of America<br>4909 Savarese Circle<br>Fl1-908-01-50<br>Tampa, FL 33634-2413 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Citibank North America<br>Citibank Corp/Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 |
| Credit One Bank<br>Attn: Bankruptcy Department<br>Po Box 98873<br>Las Vegas, NV 89193-8873 | (p)DSNB MACY S<br>CITIBANK<br>1000 TECHNOLOGY DRIVE MS 777<br>O FALLON MO 63368-2222 | Dillard?s Card Services/Wells Fargo Bank<br>Attn: Bankruptcy<br>Po Box 10347<br>Des Moines, IA 50306-0347 |
| (p)FREEDOM FINANCIAL ASSET MANAGEMENT LLC<br>ATTN BANKRUPTCY DEPARTMENT<br>PO BOX 2340<br>PHOENIX AZ 85002-2340 | Hyundai Financial<br>PO Box 20829<br>Fountain Valley, CA 92728-0829 | Hyundai Lease Titling Trust<br>PO Box 20809<br>Fountain Valley, CA 92728-0809 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>JPMC<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Professional Adjustment Corp<br>Attn: Bankruptcy<br>14410 Metropolis Ave<br>Fort Myers, FL 33912-4341 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Synchrony Bank/ JC Penneys<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 |
| Synchrony Bank/Sams Club<br>Attn:  Bankruptcy Dept<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Sams Club<br>Po Box 965005<br>Orlando, FL 32896-5005 | Synchrony Bank/Walmart<br>Attn:  Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony/Ashley Furniture Homestore<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | TD Bank USA, N.A.<br>C O WEINSTEIN & RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Target<br>Attn: Bankruptcy<br>Po Box 9475<br>Minneapolis, MN 55440-9475 |
| W.S. Badcock Corporation<br>Post Office Box 724<br>Mulberry, FL 33860-0724 | David Freydin<br>Law Offices of David Freydin Ltd<br>8707 Skokie Blvd<br>Suite 312<br>Skokie, IL 60077-2269 | Katarina Pruitt<br>6322 N. Albany Ave, Apt. 3W<br>Chicago, IL 60659-1435 |

Marilyn O Marshall
224 South Michigan Ste 800
Chicago, IL 60604-2503

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Deptartment Store National Bank/Macy's
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

Freedom Plus
1875 South Grant Street
San Mateo, CA 94402

Portfolio Recovery Associates, LLC
c/o Sams Club
POB 41067
Norfolk VA 23541

(d)Portfolio Recovery Associates, LLC
c/o Synchrony Bank
POB 41067
Norfolk VA 23541

(d)Portfolio Recovery Associates, LLC
c/o Walmart
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Hyundai Lease Titling Trust

End of Label Matrix
Mailable recipients   31
Bypassed recipients    1
Total                 32

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:                    )
                          )    Case No. 19-19918
Katarina Pruitt           )
                          )    Judge David D Cleary

### DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO MODIFY

NOW COMES Katarina Pruitt, the Debtor, by and through her attorney, David Freydin, and hereby presents her Response to Trustee's Motion to Modify Plan, and in support thereof, states as follows:

1. That Debtor filed the instant Chapter 13 on July 16, 2019.

2. That this Honorable Court confirmed the plan of reorganization in this case on October 7, 2019 (the "Confirmed Plan").

3. That the Confirmed Plan calls for monthly payments of $350.00 for a minimum of 36 months.

4. That the confirmed plan provides a 100% dividend to secured creditors and a minimum 10% dividend to GUC.

5. That the Confirmed Plan requires the Debtor to turnover annual tax refunds in excess of $1,200.00.

6. That on August 16, 2021, the Chapter 13 Trustee moved to dismiss this case because Debtor failed to tender her tax refund as required.

7. That, in response, Debtor filed a motion to modify plan to excuse compliance with the refund turnover provision for 2020 on November 1, 2021.

8. That the Chapter 13 Trustee filed a motion to modify plan to increase the dividend to GUC to 100% on December 14, 2021.

9. That the Trustee's opposition to Debtor's motion to modify and pursuit of an increased dividend to GUC is based on a misunderstanding of the facts at hand.

10. That Debtor and her husband married in 2016 (while living in Florida) but separated in 2017 shortly after the birth of their daughter.

11. That at some point in 2018, Debtor's husband accepted a new job and moved to Illinois.

12. That as part of his move, Debtor's husband purchased the property located at 2555 W. Autumn Drive, Round Lake, IL 60073 (the "Property").

13. That Debtor's husband purchased the Property with his own money and in his name, only.

14. That Debtor provided zero funds towards the purchase of the Property.

15. That after he moved to Illinois in 2018, Debtor's husband initially continued to support Debtor (who remained in Florida).

16. That Debtor's husband eventually decided that he could only support Debtor if she moved to Illinois.

17. That Debtor (along with her daughter, mother, and father) moved to Illinois in late 2018 but lived separately from Debtor's husband.

18. That Debtor's husband continued to support Debtor in the amount of approximately $2,000.00 per month.

19. That Debtor's voluntary petition disclosed her correct address at the time and her Schedule I accurately disclosed her husband's monthly contribution of $2,000.00. Please see attached Exhibit A.

20. That in March 2020, after COVID brought Debtor's income to zero, Debtor asked her husband if he could increase his monthly contribution.

21. That Debtor's husband instead offered to have Debtor, their daughter, and Debtor's parents come live with him at the Property.

22. That Debtor agreed to her husband's proposal and moved into the Property in March 2020.

23. That Debtor has now filed a change of address on PACER.

24. That Debtor's business had a 2020 net income of $6,000.00.

25. That in 2021, Debtor's business grossed more but the net income was even less than in 2020.

26. That Debtor continues to live with her husband as a matter of common benefit but not as a marital unit.

27. That Debtor has never made a mortgage payment for the Property.

28. That Debtor and her husband do not share any bank accounts, bills, or expenses (except to the extend her husband pays her expenses).

29. That the 2020 tax refund was entirely attributable to Debtor's husband's w-2 earnings.

30. That in the spring of 2021, the Property's basement flooded and the water heater was damaged.

31. That Debtor's husband, as documented in Debtor's motion to modify plan, used the 2020 tax refund to replace the water heater at the Property.

32. That Debtor's husband's CPA advised him that it would be beneficial to file joint returns in 2020, and because Debtor receives all her income from her husband, she did not object.

33. That it is inappropriate to consider Debtor and her husband a marital unit for anything other than survival purposes.

34. That to the extent that it appears that Debtor has resumed a married life with her husband, Debtor would ask that this Court understand the dynamics and challenges modern times

present. Debtor is living with a person from whom she was previously separated because she cannot afford to do otherwise.

35. That if Debtor had the income the Trustee alleges, she would have moved out of the Property long ago.

36. That Debtor's income is essentially zero and the Trustee proposes an absurd result in seeking a 100% dividend for GUC.

37. That this honorable court should deny the Trustee's motion to modify plan because it is based on a misunderstanding of Debtor's marital situation.

**WHEREFORE**, Katarina Pruitt, the Debtor, prays that this Court deny the Trustee's motion to modify plan and for any other relief that this Court deems just.

Respectfully submitted,

*/s/ David Freydin*
Attorney for Debtor

Law Offices of David Freydin
Attorney for Debtor
8707 Skokie Blvd, Ste. 312
Skokie, IL 60077
(847) 972-6157